UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS BLUME and JASON MARTINEZ<br><br>　　　　Plaintiffs,<br><br>　-against-<br><br><br>PORT AUTHORITY TRANS-HUDSON<br>CORPORATION<br><br><br><br>　　　　Defendant. | No. 18-cv-12251 (CM) |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

McMahon, C.J.:

　　Defendant Port Authority Trans-Hudson Corporation ("PATH") has filed a motion (Dkt. No. 38), seeking reconsideration of this Court's April 6, 2020 order denying its motion for summary judgment, *Blume v. Port Authority Trans-Hudson Corp.*, No. 18-cv-12251, 2020 WL 1674000 (S.D.N.Y. Apr. 6, 2020) (Dkt. No. 37; hereinafter, "*Blume I*").

　　PATH's motion is decided by the Court *sua sponte*, without any need for further briefing. PATH's motion is denied.

　　Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y. 1990).

　　Accordingly, the standard for granting a motion for reconsideration is "strict," and reconsideration will usually be denied. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). To merit reconsideration, a party must pinpoint "'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

PATH does not cite the standard for reconsideration under the Federal Rules, or this Court's Local Rules, let alone argue that any of the recognized grounds for reconsideration apply here.  Instead, its motion recycles arguments rejected in this Court's prior order, and which PATH raised in connection with its motion for summary judgment, namely: (1) that admissible expert testimony is necessary to create a genuine dispute as to general causation and dosage (*see* Dkt. No. 20, Def.'s Mot. for SJ Br., at 9); (2) that Dr. Fox's testimony lacks a reliable basis to form an opinion as to general causation and dosage (*id.* at 11-19); (3) that the manufacturer's safety data sheet ("MSDS") for the toxin at issue in this case, TBP, is unreliable proof of general causation (*id.* at 15-16); and (4) that remaining non-expert evidence in the record -- including lay opinion, eyewitness testimony concerning the Plaintiffs' temporal proximity, and the Plaintiffs' medical records -- is insufficient as a matter of law to bring this case to a jury (*id.* at 12, 14, 21-23).

Each of these arguments hangs on PATH's conviction that "causation in toxic tort FELA cases can only be proven through admissible expert testimony." (Dkt. No. 39, Def.'s Reconsideration Br., at 1.)  However, that premise is contrary to the law of this circuit: as my opinion in *Blume I* made clear, a trier of fact "could reasonably determine, without expert testimony, that prolonged exposure [to toxins]," would cause the sort of inhalation injuries for which the Plaintiffs seek redress in this case.  *Blume I*, at *6 (quoting *Ulfik v. Metro-North Commuter R.R.*, 77 F.3d 54, 60 (2d Cir. 1996)).

Besides, PATH's continuing disagreement with the Court about the Plaintiffs' evidentiary burden at this stage is not a freestanding basis for reconsideration.  Its papers present neither an "intervening change in controlling law" since April 6, 2020, nor "evidence that was truly newly discovered or could not have been found by due diligence." *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (internal quotation marks omitted).  Nor do arguments based on previously-presented case law establish clear error or manifest injustice. *See Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 184 (S.D.N.Y. 2016).  For that reason, PATH's rehashing of the Second Circuit's holding in *Wills v. Amerada Hess*, 379 F.3d 32 (2d Cir. 2004) -- a toxic tort case where the plaintiff sought relief under the Jones Act, a different federal statute with a more rigorous causation standard -- is fruitless.[1]

---

[1] PATH implies, in a footnote, that *Wills* was decided under the FELA relaxed causation standard because the "The Jones Act incorporates FELA by reference."  (Dkt. No. 39, Def.'s Reconsideration Br. at 2 n.3. (citing *The Dutra Group v. Batterton*, 139 S.Ct. 2275, 204 L.Ed.2d 692, 2019 A.M.C. 1521 (2019).)  *Dutra* does not stand for that proposition; all that the Supreme Court decided in that case, concerning the availability of punitive damages for claims of unseaworthiness under the Jones Act, was that "The Jones Act adopts the *remedial provisions* of FELA, and . . . the *scope of damages* available to FELA plaintiffs."  *Id.* at 2284.  Moreover, while a plaintiff in a FELA case need only show that the common carrier's negligence "played any part, even the slightest" in causing their injuries, *Blume I*, at *1, a plaintiff suing a vessel owner under the Jones Act must demonstrate that unseaworthiness "played a *substantial part* in . . . causing [their] injury." *Saleh v. U.S.*, 849 F. Supp. 2d 886, 895 (S.D.N.Y. 1994) (citing *Ferguson v. Moore-McCormack Lines, Inc.*, 352 U.S. 521, 523, 77 S.Ct. 457, 458, 1 L.Ed.2d 511 (1957)).

## CONCLUSION

The motion for reconsideration is DENIED. The clerk of court is directed to close the motion at Docket Number 38.

This constitutes the written opinion and order of the court.

Dated: June 25, 2020
New York, New York

_____
Chief Judge

BY ECF TO ALL PARTIES